**UNITED STATES OF AMERICA
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **SONIA ESTRADA, INDIVIDUALLY AND AS REPRESENTATIVE OF C.A. MINOR CHILD** § § §<br>**Plaintiff** § § § §<br>**v.** § § §<br>**THE UNITED STATES OF AMERICA,** § **US DEPARTMENT OF HOMELAND SECURITY** § **AND AGENT OMAR O GUZMAN** § § §<br>**Defendants** § | **Civil Action No: 1-21-cv-23** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SONIA ALVAREZ** as representative of **S.R.** a minor child, hereinafter referred to by name or as, "Plaintiff" and complain of the United States of America**,** the US Customs and Border Protection, and Agent Manuel Antonio Fuentes hereinafter sometimes referred to by name or as, "Defendants," and pursuant to the Federal Torts Claims Act files this her Original Petition and will respectfully show unto the Court and Jury the following:

**I. PARTIES**

Plaintiffs, Sonia Estrada and S.R., are residents of Cameron County, Texas.

Defendant United States of America is the government of the United States and is the appropriate defendant under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.,* for the tort claims in this Complaint.

Defendant US Department of Homeland Security is the owner of the vehicle driven by Omar Guzman, is the employer of Omar Guzman, and an agency of the US of America.

Defendant Omar Guzman is an employee of the United States Immigration and Customs Enforcement in Harlingen, Texas. At all times relevant to this Complaint, he was

acting in the course and within the scope of his employment. He is sued in his individual capacity.

## II. JURISDICTION & VENUE

This Court has subject matter jurisdiction over the claims in this matter pursuant to 28U.S.C.§1331 because they arise out of the Federal Torts Claims Act and laws of the United States of America.

Pursuant to the Federal Tort Claims Act, Plaintiff Estrada filed an administrative complaint with the US Customs and Border Protection. However, since the state of limitations was about to expire, a lawsuit was filed.

Venue is proper in this Judicial district under 28 U.S.C. §1391(b)(2) because the incident giving rise to the claims in the action occurred in this district.

## III. FACTS

This lawsuit results from an automobile collision that occurred on or about February 19, 2019, at approximately 7:10 p.m. on US High Way 281 in Cameron County, Texas.

Defendant Omar O. Guzman is a Border Patrol Agent who was driving a border patrol vehicle at the time of the accident. Defendant Guzman was parked between the improved shoulder and off the road of US HY 281. Plaintiff and minor C.A. were traveling eastbound also on 281.

Unexpectedly and without any notice whatsoever, Defendant Guzman attempted to make a U turn and suddenly and negligently, and without looking at the traffic coming behind him, entered US 281 right in front of Plaintiffs vehicle and caused the collision. Defendant Guzman actions were so sudden and unexpected that Plaintiff had not time to react and to try to prevent the accident. As a result of his actions, Defendant Guzman was issued a citation for turning when

unsafe by Deputy Hector Garza from the Texas Department of Public Safety. The citation was No TX5E5J0NGP2U. As a result of the impact, Plaintiffs suffered bodily injuries and property damages.

## IV. NEGLIGENCE

At the time of the incident, Defendant Guzman was operating his vehicle within the time and scope of his employment with the USCBP. Defendant Guzman operated his vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant breached his duty in one or more of the following ways:

1. Failing to maintain a proper lookout;
2. Making a U turn at an improper time and improper manner;
3. Failing to make a timely and proper application of the brakes;
4. Failing to maintain proper control of the vehicle;
5. Failing to steer the vehicle so as to avoid the accident;
6. Failing to yield the right of way to Plaintiff;
7. Driving the vehicle in a willful and wanton manner without due regard for the safety of persons and property.

And if the Defendants had refrained from driving in this manner, it would have enabled Defendant the opportunity to avoid causing the collision and the injuries to Plaintiffs. Defendants' negligence proximately caused the damages complained of herein, recovery for which is hereby requested.

## V. DAMAGES

As a proximate result of Defendants' negligence, the Plaintiff suffered severe injuries. Plaintiff suffered the following damages:

1. Physical pain and mental anguish in the past and future;

2. Physical Impairment in the past and future;

3. Medical expenses in the past and future; and

4. Property Damage to her vehicle.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer, and on final trial, that Plaintiff be granted a judgment against Defendants for:

1. Actual damages;

2. Prejudgment and post judgment interest as allowed by law;

3. Costs of suit; and

4. Any further relief, in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**LAW OFFICE OF GERARDO ARRIAGA**
117 W Hawk Ave
McAllen, Texas 78504
(956) 681-6228 Telephone
(956) 278-3239 Facsimile

**/s/GERARDO ARRIAGA   e-signature**
GERARDO ARRIAGA
State Bar No.  24045422
Email: gariaga@rgv.rr.com
ATTORNEY FOR PLAINTIFF